IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD DISHER, ERIC KLINE, JOHN
O'MALLEY and DIMITRI MISHUROV, *on
behalf of themselves and all others similarly
situated*,

           Plaintiffs,

      vs.

TAMKO BUILDING PRODUCTS, INC. and
TAMKO ROOFING PRODUCTS, INC.,

          Defendants.

Case No. 14-cv-740-SMY-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants Tamko Building Products, Inc. and

Tamko Roofing Products, Inc.'s (collectively "Defendants") Motions to Dismiss the Claims of

Richard Disher (Doc. 37), John O'Malley (Doc. 39), Eric Kline and Dimitri Mishurov (Doc. 41).

Plaintiffs filed their responses (Docs. 51, 52 & 53) to which Defendants replied (Docs. 56, 57 &

58). For the following reasons, the Court **GRANTS in part and DENIES in part** the motions.

## Background

Defendants manufacture fiberglass roofing shingles. Plaintiffs own homes or other

structures in Illinois, Kentucky, and Colorado on which Defendants' shingles are or have been

installed. Plaintiffs allege that based on Defendants' representations, they purchased the shingles

with the expectation that the shingles would last for at least 30 years. Plaintiffs further allege

that the shingles failed long before 30 years due to certain design flaws that cause them to crack,

curl, blister, de-granulate, deteriorate and cause damage to the underlying structure. Plaintiffs

assert that with knowledge of these design flaws, Defendants sold and continue to sell the

shingles and to make false representations and warranties with respect to the shingles.

Plaintiffs' Complaint sets forth the following causes of action on behalf of themselves and all others similarly situated: Count I – Strict Liability – Design Defect, Count II – Strict Liability – Manufacturing Defect, Count III – Strict Liability – Failure to Warn, Count IV – Negligence, Count V – Negligent Failure to Warn, Count VI – Breach of the Implied Warranty of Merchantability, Count VII – Breach of the Implied Warranty of Fitness for a Particular Purpose, Count VIII – Express Warranty, Count IX – Unjust Enrichment, Count X – Failure of Essential Purpose, Count XI – Fraudulent Concealment, Count XII – Violation of Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and Substantially Similar Law of Certain Other States (Illinois Class Only), Count XIII – Omitted, Count XIV – Colorado Products Liability Act ("CPLA"), Colo. Rev. Stat. §§ 13-21-401, *et seq.* (Colorado Class Only), Count XV – Violation of the Kentucky Consumer Protection Act ("KCPA"), Ky. Rev. Stat. Ann. § § 367.110, *et seq.* (Kentucky Class Only), and Count XVI – Declaratory and Injunctive Relief. Defendants filed motions to dismiss each of the named plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## Analysis

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S.

[1] Subsequently, the parties stipulated to the dismissal of Mishurov's claims.

Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

### Motion to Dismiss the Claims of Richard Disher (Doc. 37)

In April 2005, Disher purchased Tamko Heritage 30 Shingles and had them installed on his home in Alton, Illinois. In the summer of 2013, a friend told Disher that the shingles were defective and that he should file a warranty claim. In March 2014, Disher filed a warranty claim and Tamko sent him a settlement certificate for 15 of the 21 squares of shingles needed to re-roof his home. Disher, however, refused to sign the release form or to accept the settlement certificate and check from Tamko.

Defendants assert that Disher's claims must be dismissed because his (1) strict liability and negligence claims fail under Illinois' economic-loss doctrine, (2) breach of express warranty claim fails because he did not comply with the 30-day notice provision set forth in the Limited Warranty, (3) breach of implied warranty claim fails because all implied warranties were disclaimed by the Limited Warranty and are time-barred, (4) failure of essential purpose claim is not a stand-alone claim and there is no breach of express warranty claim, (5) fraudulent concealment claim fails because Defendants did not owe him a duty to disclose additional information with regard to their roofing shingles, (6) unjust enrichment claim fails because the written Limited Warranty governs the relationship of the parties and (7) consumer fraud claim fails because Disher has not adequately alleged causation and it is based on the same allegations underlying Disher's breach of warranty claims or on non-actionable puffery.

**Strict Liability & Negligence**

"'Economic loss' has been defined as 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits – without any claim of personal injury or damage to other property.'" *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 449 (Ill. 1982) (citing Note, *Economic Loss in Products Liability Jurisprudence*, 66 Colum. L. Rev. 917, 918 (1966)).  In *Moorman*, the Illinois Supreme Court held that economic loss was not recoverable under the tort theories of strict liability, negligence, and innocent misrepresentation.  *Moorman*, 435 N.E.2d at 449, 451-53.  Under the *Moorman* doctrine, "[w]hen the defect is of a qualitative nature and the harm relates to the consumer's expectation that a product is of a particular quality so that it is fit for ordinary use, contract, rather than tort, law provides the appropriate set of rules for recovery." *Id*. at 451.  However, claims for damage to personal property other than the product itself are not barred by the *Moorman* doctrine.  *In re Chi. Flood Litig.*, 680 N.E.2d 265, 275 (Ill. 1997).

Here, in addition to "economic loss," Disher has alleged personal property damage. Specifically, he alleges that "Plaintiffs and the Class have also suffered damage to the underlying elements of their structures" (Doc. 2, p. 7).  As such, Disher's strict liability and negligence claims are not barred by the economic-loss doctrine.

**Breach of Implied Warranty**

Under Illinois law,

(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued.  By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future

> performance of the goods and discovery of the breach must await the time of such
> performance, the cause of action accrues when the breach is or should have been
> discovered.

810 ILCS 5/2-725.  Illinois courts have found the discovery rule inapplicable in breach of

implied warranty cases because implied warranties cannot "explicitly extend[] to future

performance."  *Nelligan v. Tom Chaney Motors, Inc.*, 479 N.E.2d 439, 442 (Ill. App. Ct. 1985).

Here, the alleged breach occurred when Disher purchased his shingles in April 2005.

Disher did not file his claim until 2014, well beyond either the default four-year statute of

limitations or the one-year limitation period prescribed by the Limited Warranty.  Therefore,

Disher's claims for breach of the implied warranties of merchantability and fitness for a

particular purpose are time-barred and must be dismissed with prejudice.

### Breach of Express Warranty

To state a breach of express warranty claim, a plaintiff "must allege the terms of the

warranty, the failure of some warranted part, a demand upon the defendant to perform under the

warranty's terms, a failure by the defendant to do so, compliance with the terms of the warranty

by the plaintiff, and damages measured by the terms of the warranty."  *Evitts v. DaimlerChrysler

Motors Corp.*, 834 N.E.2d 942, 949 (Ill. App. Ct. 2005).  "Because express warranties are

contractual in nature, the language of the warranty itself controls and dictates the rights and

obligations of the parties to it."  *Id*. at 950.

Here, Disher's Limited Warranty requires that the consumer "notify TAMKO . . . of any

claims under th[e] limited warranty within thirty (30) days following discovery of the problem

with the Shingles" (Doc. 38-1).  Disher alleges he became aware of problems with the shingles in

the summer of 2013.  However, he did not notify Defendants of the problems until March 2014.

Thus, Disher did not comply with the 30-day notice requirement.  However, Disher contends the

30-day notice provision does not bar his express warranty claim because the provision is unconscionable.  Specifically, he argues that customers had no meaningful choice in accepting the warranty's terms, that the provision deprives customers of claims and remedies prior to gaining knowledge that Defendants knew the shingles contained latent defects, that the time period is unreasonable, and that the language of the 30-day requirement is inconspicuous. Defendants counter that *Held v. Mitsubishi Aircraft Int'l, Inc.*, 672 F. Supp. 369 (D. Minn.1987), the case to which Disher cites for his unconscionable time period argument, is inapposite to the instant case.  In *Held*, the court ruled a one-year warranty for an aircraft was unreasonable because the discovery of the defect within the one-year period would be unusual.  *Held*, 672 F. Supp. at 382-83.  Defendants point out that the limited warranty provided Disher 30 years to discover the defect and he was only required to report the defect within 30 days after discovery.

Whether a contract clause is unconscionable is a matter of law to be determined by the court.  810 ILCS 5/2-302(1).  If the court finds any clause of the contract to be "unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."  *Id*.  While "the question of the unconscionability of a clause is for the court to decide, the court before making this determination must give the parties a reasonable opportunity to present evidence . . . .  Generally a full hearing on the issue is required."  *Frank's Maint. & Eng'g, Inc. v. C.A. Roberts Co.,* 408 N.E.2d 403, 409 (1980); 810 ILCS 5/2-302(2).

Here, Defendants do not address Disher's arguments that the warranty is unconscionable. Rather, they simply assert that the case law on which Disher relies is inapposite to this case.  At this stage of the litigation and without conducting an evidentiary hearing on the

unconscionability issue, the Court cannot reach the conclusion that Disher's Complaint fails to state a claim for breach of the express warranty.  As such, Disher's breach of express warranty claim survives Defendants' Motion to Dismiss.

### Unjust Enrichment

Unjust enrichment may sound in either quasi-contract or tort.  *Peddinghaus v. Peddinghaus*, 692 N.E.2d 1221, 1225 (Ill. App. Ct. 1998).  Where the theory sounds in quasi-contract, the claim cannot survive where the plaintiff has alleged the existence of a governing contract.  *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992).  However, where the unjust enrichment allegations sound in tort, a plaintiff may allege both the existence of a governing contract and unjust enrichment.  *Liberty Mut. Ins. Co. v. Decking & Steel, Inc.*, 301 F. Supp. 2d 830, 835 (N.D. Ill. 2004) (citing *Peddinghaus*, 692 N.E.2d at 1225).  Here, Disher has alleged claims sounding in both contract and fraud.  Accordingly, Disher's unjust enrichment claim, to the extent it is predicated on tort claims, survives Defendants' Motion to Dismiss.

### Failure of Essential Purpose

"Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided [by statute].  810 ILCS 5/2-719(2).  Defendants argue failure of essential purpose is not a stand-alone claim.  Therefore, Defendants reason that because Disher's express breach of warranty claim fails, this claim must be dismissed.  The Court agrees that failure of essential purpose is not a standalone claim.  However, with respect to a breach of warranty claim, Illinois law provides that the parties may resort to traditional remedies under the Uniform Commercial Code when the remedy prescribed in the limited warranty fails of its essential purpose.  Accordingly, to the extent Disher pleads failure of

essential purpose as a stand-alone claim, the Court dismisses that claim.  However, Disher may amend his complaint to assert that the warranty's remedy failed of its essential purpose.

### Fraudulent Concealment

To plead an action for fraudulent concealment, the plaintiff must plead the elements of fraudulent misrepresentation[2] and "allege that the defendant intentionally omitted or concealed a material fact that it was under a duty to disclose to plaintiff."  *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012) (citing *Weidner v. Karlin*, 932 N.E.2d 602, 605 (Ill. 2010)).  A duty to disclose a material fact may arise where the parties are in a fiduciary or confidential relationship.  *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996).  Such a duty may also arise where "the plaintiff places trust and confidence in defendant, thereby placing defendant in a position of influence and superiority over plaintiff."  *Id.*  "This position of superiority may arise by reason of friendship, agency, or experience."  *Id.*  However, run-of-the-mill business transactions and contractual relationships are not sufficient to establish a fiduciary relationship.  *Benson v. Stafford*, 941 N.E.2d 386, 397 (Ill. App. Ct. 2010).  Moreover, if a fiduciary relationship does not exist as matter of law, "facts from which a fiduciary relationship arises must be pleaded and proved by clear and convincing evidence."  *Schrager v N. Cmty. Bank*, 767 N.E.2d 376, 385 (Ill. App. Ct. 2002).

Disher alleges Defendants "had a duty and obligation to disclose to Plaintiffs the true facts and their knowledge concerning its [] shingles. . ." (Doc. 2, p. 33).  However, Disher does not allege that he was in a fiduciary or confidential relationship with Defendants.  Rather, he

---

[2] In Illinois, the elements of fraudulent misrepresentation are:

(1) [a] false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from that reliance.

*Wigod*, 673 F.3d at 569 (quoting *Dloogatch v. Brincat*, 920 N.E.2d 1161, 1166 (Ill. 2009)).

asserts that Defendants' duty arose as a result of its position of influence and superiority. However, the facts pled by Disher do not evidence such a relationship.  While Defendants undoubtedly had more knowledge about the shingles than Disher, this knowledge did not place Defendants in a "position of superiority" sufficient to impose a duty to disclose.  Accordingly, Disher's fraudulent concealment claim is dismissed without prejudice.

### Illinois Consumer Fraud and Deceptive Business Practices Act

To plead a violation of section 2 of the ICFA "a plaintiff must allege: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception."  *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002).

Defendants argue that Disher fails to allege that he actually visited Tamko's website containing the alleged misrepresentations or that he viewed any misrepresentations in brochures or advertisements.  Disher points out that his decision to install the shingles was based on Defendants' 30-year warranty (Doc. 2, p. 13).  However, while Disher alleges Defendants made misrepresentations on a website and in brochures and advertisements, he does not allege that he actually read or viewed those misrepresentations.  To that extent, Disher fails to satisfy the proximate causation element as to those particular representations.  Disher, however, does allege that in reliance on Defendants' misrepresentation through its warranty that the shingles would last 30 years, he installed the shingles. To that end, he has sufficiently pled proximate causation under the ICFA.

Defendants further contend the ICFA claim must be dismissed because it is based on the same allegations underlying Disher's breach of warranty claims or on non-actionable puffery.

Defendant notes that "a breach of a contractual promise, without more, is not actionable under the ICFA." *Duffy v. Ticketreserve, Inc.*, 722 F. Supp. 2d 977, 992 (N.D. Ill. 2010).  Disher, however, alleges more than a promise that went unfulfilled.  He specifically alleges that Defendants engaged in deceptive practices that induced him to purchase its shingles.

Next, Defendants argue that statements, including "beauty that performs" and "excellent roof protection," were mere non-actionable puffery insufficient to support a claim under the ICFA.  However, Disher's ICFA allegations are based on more than the foregoing statements.  He includes allegations that Defendants fraudulently promised the shingles would last for at least thirty years.  As such, Disher's ICFA claim will not be dismissed.

### Motion to Dismiss the Claims of John O'Malley (Doc. 39)

On June 1, 2003, O'Malley installed Tamko Heritage 30 shingles on his home in Fishersville, Kentucky.  From 2010 to 2013, O'Malley hired a contractor to re-adhere at least two to three shingles.  He submitted a warranty claim in August 2013 and received a denial letter from Defendants on May 23, 2014.

Defendants argue O'Malley's (1) strict liability and negligence claims fail under Kentucky's economic-loss doctrine, (2) breach of express warranty claim fails because O'Malley did not comply with the 30-day notice provision set forth in the Limited Warranty, (3) breach of implied warranty claims fail because all implied warranties were disclaimed by the Limited Warranty and are time-barred, (4) failure of essential purpose claim fails because it is not a stand-alone claim and there is no breach of express warranty claim, (5) fraudulent concealment claim fails because O'Malley did not allege specific facts to satisfy the heightened pleadings standard of Fed. R. Civ. P. 9(b), (6) unjust enrichment claim fails because the written Limited

Warranty governs the relationship of the parties, and (7) KCPA claim fails because it is time-barred and the Complaint's allegations do not satisfy Rule 9(b).

### Strict Liability & Negligence

The Kentucky Supreme Court has held that "the economic loss rule applies to claims arising from a defective product sold in a commercial transaction and that the relevant product is the entire item bargained for by the parties and placed in the stream of commerce by the manufacturer." *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729,733 (Ky. 2011). O'Malley argues the economic loss doctrine does not bar his claims because Kentucky's economic loss doctrine is limited to commercial transactions and he has alleged injuries beyond the product itself. Defendants counter that O'Malley's interpretation of Kentucky law limiting the economic loss doctrine to commercial transactions is erroneous.

In *Giddings*, the Kentucky Supreme Court acknowledged that a previous ruling had been interpreted to suggest that the economic loss rule did not apply to consumer transactions. *Id*. at 737. The *Giddings* court, however, did not adopt that interpretation because the facts at issue did not require it to do so. *Id*. at 737 n.5. The court noted that "the Restatement (Third) of Torts: Products Liability makes no distinction between products produced for commercial customers and those produced for consumers." *Id*. (citing Restatement (Third) of Torts § 19(a) (1998)). Nevertheless, "[l]osses for injuries to people and to 'other property,' in these commercial transactions, remain subject to the traditional product liability theories." *Id*. at 737 (citing Restatement (Third) of Torts: Products Liability §§ 1 and 21 (1998)).

This Court need not determine whether Kentucky would apply the economic loss doctrine to consumer transactions. O'Malley has sufficiently alleged losses to "other property." *See* Doc. 2, p. 2 (alleging O'Malley "will need to prematurely replace the roof at his own expense in order

to avoid *further* damage to his home"). Therefore, even if the economic loss rule applies to consumer transactions, O'Malley's strict liability and negligence claims survive Defendants' Motion to Dismiss.

## Breach of Implied Warranty

Under Kentucky law,

(1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Ky. Rev. Stat. Ann. § 355.2-725(2).

By their very nature, implied warranties can "never 'explicitly extend to future performance.'" *Standard Alliance Indus. V. Black Clawson Co.*, 587 F.2d 813, 820 (6th Cir. 1978); *see also Port Auth. of N.Y. & N.J. v. Allied Corp.*, 914 F. Supp. 960, 962 (SDNY 1995) ("By its very nature an implied warranty cannot be explicit, and thus cannot be saved [by a statutory] exception for explicit warranties as to future performance.). Here, O'Malley has pled that he installed the allegedly defective shingles in 2003. Therefore, his claim accrued no later than 2003 regardless of his lack of knowledge of the breach and the time for him to bring his breach of implied warranty claims expired in 2007 at the latest. Accordingly, O'Malley's breach of implied warranty claims are dismissed with prejudice.

## Breach of Express Warranty

Under Kentucky law, liability for breach of express warranty "is governed by the terms of the contract and the statutory provisions of the U.C.C." *Williams v. Fulmer*, 695 S.W.2d 411,

413 (Ky. 1985).  Initially, the Court notes that O'Malley did not respond to Defendants'

argument that the breach of express warranty claim fails because he did not satisfy the 30-day

notification requirement in the Limited Warranty.  The Limited Warranty provided that

O'Malley must "notify Tamko . . . of any claims under this limited warranty within thirty (30)

days following discovery of the problem with the Shingles" (Doc. 40-1).  O'Malley has pled that

he first discovered problems with the shingles in 2010, but did not submit a warranty claim until

August 2013.  As a result, he failed to comply with the 30-day notice requirement of the contract.

Accordingly, O'Malley's breach of express warranty claim is dismissed without prejudice.

### Failure of Essential Purpose

Kentucky law provides that "[w]here circumstances cause an exclusive remedy to fail of

its essential purpose, remedy may be had as provided in this chapter." Ky. Rev. Stat. Ann. §

355.2-719(2).  The language of this statute presupposes a breach of the warranty implicating the

remedial provision of the warranty.  *See H.B. Fuller Co. v. Kinetic Sys., Inc.*, 932 681, 688 (7th

Cir. 1991).  As the Court has dismissed O'Malley's breach of express warranty cause of action,

he cannot  claim that a remedy provided by Defendants in the express warranty failed of its

essential purpose.  Accordingly, the Court dismisses O'Malley's failure of essential purpose

claim without prejudice.

### Fraudulent Concealment

To prevail on a fraud by omission claim under Kentucky law "a plaintiff must prove: '(1)

the defendant had a duty to disclose the material fact at issue; (2) the defendant failed to disclose

the fact; (3) the defendant's failure to disclose the material fact induced the plaintiff to act; and

(4) the plaintiff suffered actual damages as a consequence.'"  *Republic Bank & Trust Co. v. Bear

Stearns & Co., Inc.*, 683 F.3d 239, 255 (6th Cir. 2012) (quoting *Waldridge v. Homeservices of*

*Ky., Inc.*, 384 S.W.3d 165, 171 (Ky. App. Ct. 2011)).   A party's fraudulent concealment allegations must meet the heightened pleadings standards of Federal Rule of Civil Procedure 9(b).  *See Pirelli Armstrong Tire Corp. Retiree Benefits Trust. v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011). Specifically, a plaintiff must plead "(1) precisely what was omitted; (2) who should have made a representation; (3) the content of the alleged omission and the manner in which the omission was misleading; and (4) what [the defendant] obtained as a consequence of the alleged fraud." *Republic Bank & Trust*, 683 F.3d at 256.

O'Malley contends that the following allegation satisfies Rule 9(b)'s requirements: "Defendant 'knowingly and intentionally' omitted its knowledge that the shingles would not last for the warranted length or for the expected useful life and that defendant had no intention to honor its warranty obligations."  O'Malley alleges that he decided to install Tamko's shingles, in part, based on Tamko's 30-year warranty.  These allegations indicate that Tamko omitted its knowledge that the shingles would not last for 30 years and that Tamko obtained income from the sale of the shingles as a result of the omission.  As such, O'Malley has met the pleading standards of Rule 9(b) and his fraudulent concealment claim survives Defendants' motion to dismiss.

### Unjust Enrichment

Under Kentucky law, a plaintiff cannot recover under an unjust enrichment theory where there is an explicit contract.  *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 748 (W.D. Ky. 2013).  However, a plaintiff may plead claims in the alternative, regardless of their consistency. Fed. R. Civ. P. 8(d)(2), (3).  Here, O'Malley has alternatively pled breach of contract and unjust enrichment claims.  Unless and until the Court concludes the warranty is a valid and enforceable contract, O'Malley has properly pled his unjust enrichment claim as an alternative theory of

recovery.  Therefore, the Court declines to dismiss O'Malley's unjust enrichment claim at this time.

**Kentucky Consumer Protection Act**

An action under the KCPA must be commenced "within (2) years after the violation." Ky. Rev. Stat. Ann. § 367.220(5).  Courts have found that neither the discovery rule nor the fraudulent concealment doctrine apply to KCPA claims because the KCPA is a "legislatively enacted cause of action."  *Mitchell v. Gen. Motors LLC*, 3:13-cv-498-CRS, 2014 WL 1319519, at *4 (W.D. Ky. Mar. 31, 2014); *Cook v. State Farm Mut. Auto. Ins. Co.*, No. 2002-CA-801-MR, 2004 WL 2011375, at *4 (Ky. App. Ct. Sept. 10, 2004) (stating the plain language of the statute evidence the legislature's intent to foreclose use of the discovery rule).

Defendants argue that O'Malley's KCPA claim accrued when he purchased the shingles in June 2003 and, therefore, he was required to bring his claim before June 2005.   O'Malley asserts that his injury did not occur until May 23, 2014 -  the date on which he received a letter from Defendants denying his warranty claim.

O'Malley's Complaint alleges Defendants violated the KCPA by selling, marketing, and distributing defective shingles; concealing and/or failing to inform O'Malley that the shingles were defective; falsely representing that the shingles are reliable, durable, dependable, long lasting, and meet or exceed the highest standards in the industry; and making false representations regarding the quality of its warranties.  As such, O'Malley alleges Defendants violated the KCPA at the time he purchased the shingles in 2003, not when he received a letter denying his warranty claim in 2014.  Based on O'Malley's allegations, he had until June 2005 to bring his claim under the KCPA.   Therefore, his KCPA claim filed in 2014 is time-barred.

15

Because the Court has determined that the claim is time-barred, it need not consider whether Rule 9(b) has been satisfied.  Accordingly, O'Malley's KCPA claim is dismissed with prejudice.

### **Motion to Dismiss the Claims of Eric Kline and Dimitri Mishurov (Doc. 41)**

Kline owns a home in Denver, Colorado, on which Tamko Heritage 30 Shingles are installed.  Kline's home was built in 2005, and he purchased the home in 2011.  In February 2013 and shortly thereafter, Kline was advised by multiple sources that his shingles were deteriorating due to a defect and that replacement was necessary.  Defendants informed Plaintiff that he was ineligible for a warranty claim because he was the secondary owner of the home.  Kline ultimately had the shingles replaced at his own expense, but Tamko Heritage 30 Shingles remain on his detached garage.

Defendants filed their Motion to Dismiss arguing Kline and Mishurov's (1) strict liability, negligence, fraudulent concealment, and CPLA claims fail because they only allege economic loss, (2) breach of express warranty claims fail because they are secondary purchasers whose claims are barred under the transferability provisions of the relevant Limited Warranties, (3) breach of implied warranty claims fail because all implied warranties were disclaimed by the Limited Warranties and they are time-barred, (4) failure of essential purpose claims fail because they have no warranty rights in light of the relevant transferability provisions, and (5) unjust enrichment claims fail because Defendants did not retain a benefit at Kline's and Mishurov's expense as they were not the initial purchasers of the shingles.  The parties' have stipulated to the dismissal of Mishurov's claims.  Accordingly, the Court will only address the Motion to Dismiss with respect to Kline.

**Strict Liability, Negligence, Fraudulent Concealment & Colorado Products Liability Act**

The CPLA applies to "any action brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought." Colo. Rev. Stat. Ann. § 13-21-401(2).   As such, the CPLA governs Kline's negligence and strict liability claims. *See Zapien v. Home Depot, USA, Inc.*, 09-cv-2349-REB-BNB, 2010 WL 3522570, at *3 (D. Colo. Sept. 2, 2010).   Under Colorado's economic loss doctrine, parties "suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Town of Alma v. AZCO Const., Inc.*, 10 P.3d 1256, 1263-64 (Colo. 2000); *see also Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 289 (Colo. App. 2009) (economic loss applicable to fraud claims).   Products liability claims, however, may be brought "for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design . . . of any product." Colo. Rev. Stat. Ann. § 13-21-401(2).   "The question in any case where the economic loss rule is alleged to apply is whether the duty allegedly violated exists independent of the contract." *Hamon Contractors, Inc.*, 229 P.3d at 289.

Kline argues that the economic loss doctrine does not bar his product liability claims because Defendants owed Kline an "independent duty not to design or manufacture unreasonably dangerous products" and a "duty to disclose latent defects."   Kline's argument is contrary to the Colorado Supreme Court's implicit holding that product damage that could have been addressed by a warranty is not recoverable in tort.   *See In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801 (S.D. Ohio 2012) (citing *Town of Alma*, 10 P.3d at 1263).   To the extent Kline's strict liability, negligence, fraudulent concealment & CPLA claims relate to shingle damage, the economic loss doctrine bars those claims.   However, the economic loss doctrine does not bar the

17

strict liability, negligence, fraudulent concealment & CPLA claims to the extent Kline has

alleged damage to other property including the "underlying structure" (Doc. 2, p. 7).

### Breach of Express Warranty

Colorado law provides that

A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section.

Colo. Rev. Stat. § 4-2-318. "The effect of section 4-2-318, therefore, is to 'enlarge the potential

liability of a seller by extending the warranty to other persons in the distributive chain.'"

*Persichini v. Brad Ragan, Inc.*, 735 P.2d 168, 175 n.10 (Col. 1987) (citing U.C.C. § 4-2-318).

Here, the relevant portion of the warranty states as follows:

**Transferability:** The Owner may transfer this limited warranty one (1) time during the first two (2) years of the Term to a purchaser of the building upon which the Shingles are installed (a "Purchaser"). . . . Except for one transfer to a Purchaser during the first two (2) years of the Term, this limited warranty may not be sold, assigned or transferred in any manner whatsoever. . . . Except as set forth in this paragraph, any assignment sale or transfer of this limited warranty or the building to which the TAMKO Shingles are applied shall immediately terminate all liability of TAMKO for the Shingles, all warranties contained herein or hereunder and any applicable implied warranties including warranties of merchantability and fitness for a particular purpose.

Doc. 42-1, p. 2.  Kline purchased his home, built in 2005, in 2011.  Defendants argue that the

limited transfer provision was not satisfied.  Kline counters that Defendants' limited transfer

provision is unenforceable under Colorado law.

Under the specific terms of the warranty, Kline's claim would be excluded because the

home upon which the shingles were installed was purchased by Kline after the first two years.

However, Colo. Rev. Stat. § 4-2-318 prohibits Defendants from excluding subsequent purchasers

from the benefit of its warranty.  Accordingly, Defendants' transfer provision does not bar

Kline's breach of express warranty claim.

### Breach of Implied Warranty

Colorado provides a three-year statute of limitations for breach of implied warranty

claims.  Colo. Rev. Stat. Ann. § 13-80-101(1)(a).   "A cause of action accrues when the breach

occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of

warranty occurs when tender of delivery is made."  Colo. Rev. Stat. Ann. § 4-2-725(2).  Here,

Kline's claim accrued in 2005 when the shingles were delivered and installed on his home.  As

such, his breach of implied warranty claims filed in 2014 are beyond the three-year limitations

period and are time barred.  Accordingly, Kline's breach of implied warranty claims are

dismissed with prejudice.

### Failure of Essential Purpose

"Where circumstances cause an exclusive or limited remedy to fail of its essential

purposes, remedy may be had as provided in this title."  Colo. Rev. Stat. Ann. § 4-2-719(2).

Defendants argue failure of essential purpose is not a stand-alone claim.  Therefore, Defendants

reason that because Kline's breach of warranty claim fails, this claim must also be dismissed.

The Court agrees that failure of essential purpose is not a standalone claim.  However, with

respect to a breach of warranty claim, Illinois law provides that the parties may resort to

traditional remedies under the Uniform Commercial Code when the remedy prescribed in the

limited warranty fails of its essential purpose.  Accordingly, to the extent Kline pleads failure-of-

essential purpose as a stand-alone claim, the Court dismisses that claim.  Kline, however, may

amend his complaint to assert that the warranty's remedy failed of its essential purpose.

**Unjust Enrichment**

Under Colorado law, the test for unjust enrichment is as follows: "(1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *DCB Const. Co. v. Cent. City Dev. Co.*, 965 P.2d 115, 119-20 (Co. 1998).   Defendants argue that Kline's unjust enrichment claim fails because Defendants did not receive a benefit at Kline's expense.  Specifically, Defendants point out that Kline did not purchase the shingles from Defendants, but was a subsequent purchaser of the home on which the shingles were installed.  Kline asserts that "[t]he benefit in the present case is clear: Defendant retains the full purchase price of its defective shingles" (Doc. 51, p. 11).

Here, the Complaint alleges that the benefit the Defendants received was the "profits from the sale of defective shingles" (Doc. 2, p. 31).  This benefit, however, was received at the expense of the previous homeowner, not at Kline's expense.  Accordingly, Kline's claim for unjust enrichment is dismissed with prejudice.

## Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Motions to Dismiss (Docs. 37, 39 & 41).  Specifically: (1) With respect to **Disher**, the Court **DISMISSES** the following claims**:**  breach of the implied warranty of merchantability with prejudice, breach of the implied warranty of fitness for a particular purpose with prejudice, failure of essential purpose to the extent it is pleaded as a stand-alone claim with prejudice, and fraudulent concealment without prejudice.  (2) With respect to **O'Malley**, the Court **DISMISSES** the following claims: breach of the implied warranty of merchantability with prejudice, breach of the implied warranty of fitness for a particular purpose with prejudice, breach of express warranty without prejudice, failure of essential purpose without prejudice, and

Kentucky Consumer Protection Act with prejudice.  (3) With respect to **Kline**, the Court **DISMISSES** the following claims: breach of the implied warranty of merchantability with prejudice, breach of the implied warranty of fitness for a particular purpose with prejudice, failure of essential purpose to the extent it is pleaded as a stand-alone claim with prejudice, and unjust enrichment with prejudice

Finally, the Court **DENIES** Defendants' Motion for Leave to Submit Notice of Supplemental Authorities in Support of Pending Motions to Dismiss (Doc. 99) as the cases to which Defendants cite for supplementation are unpublished district court cases and thus not binding on this Court.

**IT IS SO ORDERED.**

**DATED:** July 31, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**