IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD DISHER, ERIC KLINE, JOHN O'MALLEY and DIMITRI MISHUROV, *on behalf of themselves and all others similarly situated*,

Plaintiffs,

vs.

TAMKO BUILDING PRODUCTS, INC.,

Defendant.

Case No. 14-cv-740-SMY-SCW

**ORDER**

This matter comes before the Court on Plaintiffs' Motion Strike Motion for Summary Judgment, Or, In the Alternative, For an Extension of Time in Which to File Their Response in Opposition (Doc. 138). Defendant has filed a response in opposition (Doc. 143). Plaintiffs assert that Defendant filed its Motion for Summary Judgment with Respect to the Claims of Plaintiff Richard Disher prematurely (Doc. 138). For the following reasons, Plaintiffs' Motion to Strike is DENIED.

On February 26, 2016, United States Magistrate Judge Stephen C. Williams entered an order setting new deadlines (Doc. 125). The Order amended the pervious scheduling order to allow the parties to focus on class certification related matters. The Order vacated all discovery-related deadlines previously set and stated that the Court would enter a new scheduling order, if necessary, following the final disposition of Plaintiffs' Motion for Class Certification. In a subsequent Order dated April 20, 2016, the Court extended class certification deadlines but noted that "[a]ll other deadlines remain the same" (Doc. 135).

Class certification briefing does not generally stay dispositive motion deadlines.  While class certification should be decided "as soon as practicable" (Fed. R. Civ. P. 12(c)), "which will usually be before the case is ripe for summary judgment," it is not always the case.  *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995).   "[U]sually is not 'always'…[a]nd 'practicable' allows for wiggle room."  *Id.*  The Seventh Circuit has thus recognized that a court may reach the merits of a case prior to class certification.

In any event, Judge Williams vacated discovery-related deadlines, but did not *stay* the filing of dispositive motions.  See Order at Doc. 125.  In fact, a subsequent order specifically stated that "[a]ll other deadlines remain the same" (Doc. 135).  Accordingly, Plaintiffs' motion to strike is DENIED.  Plaintiffs' alternative motion for a nonspecific extension of time is DENIED, but Plaintiffs may seek a specific extension of time to respond to Defendant's Motion for Summary Judgment should it become necessary.

**IT IS SO ORDERED.**

Date:  May 16, 2106                                       **s/ Staci M. Yandle**
                                                          **STACI M. YANDLE**
                                                          **DISTRICT JUDGE**