IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD DISHER, ERIC KLINE, )
JOHN O'MALLEY and )
DIMITRI MISHUROV, on behalf of )
themselves and all others similarly situated, )
) Case No. 14-CV-740-SMY-SCW
Plaintiffs, )
)
vs. )
)
TAMKO BUILDING PRODUCTS, INC., )
)
Defendant. )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendant Tamko Building Products, Inc.'s ("Tamko") Motion for Order Denying Class Certification as Moot (Doc. 246). Plaintiffs filed a response in opposition (Doc. 251). For the following reasons, the motion is **GRANTED**.

## Procedural History and Background

Plaintiffs Richard Disher, Eric Kline, John O'Malley and Dimitri Mishurov[1] filed this putative class action against Tamko, alleging product defect, breach of warranty, negligence, and fraud claims. Plaintiffs own homes or other structures in Illinois, Kentucky, and Colorado on which Tamko's shingles are or have been installed. Plaintiffs alleged that based on Tamko's representations, they purchased the shingles with the expectation that they would last for at least 30 years. Plaintiffs also alleged that the shingles failed long before 30 years due to certain design flaws that cause them to crack, curl, blister, de-granulate, deteriorate and cause damage to

---

[1] On March 25, 2015, Mishurov dismissed his claims against Tamko with prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii) (Doc. 93).

the underlying structure. Plaintiffs asserted that with knowledge of these design flaws, Tamko sold and continues to sell the shingles and to make false representations and warranties with respect to them.

Tamko moved to dismiss each Plaintiff's claims (Docs. 37, 39, and 41), and on July 31, 2015, this Court granted in part and denied in part Tamko's motions (Doc. 100). Specifically, the Court denied Tamko's motion to dismiss Disher's strict liability, negligence, breach of express warranty, unjust enrichment, and Illinois Consumer Fraud Act claims; denied Tamko's motion to dismiss O'Malley's strict liability, negligence, fraudulent concealment and unjust enrichment claims; and denied Tamko's motion to dismiss Kline's strict liability, negligence, fraudulent concealment, Colorado Products Liability Act and breach of express warranty claims. Tamko also moved to compel arbitration of Plaintiff Kline's claims (Doc. 67), which the Court granted (Doc. 219).

In August 2015 and April 2016, Tamko filed motions for summary judgment on Plaintiffs' remaining claims (Docs. 102, 133, and 140). Plaintiffs moved for class certification in July 2016. On February 15, 2018, the Court entered orders granting Tamko's motion for summary judgment as to Disher in its entirety (Doc. 232) and granting in part Tamko's motion for summary judgment as to O'Malley's claims; leaving only his strict liability and negligence claims (Doc. 233). Plaintiffs' Motion for Class Certification remains pending. Tamko now moves this Court to deny that Motion as moot.

## **Discussion**

Decisions on dispositive motions may be made prior to addressing the certification issue in order to determine whether "the claim of the named plaintiffs lacks merit." *See Cowen v. Bank United of Texas, FSB,* 70 F.3d 937, 941 (7th Cir. 1995) ("The [defendant] elected to move

the underlying structure. Plaintiffs asserted that with knowledge of these design flaws, Tamko sold and continues to sell the shingles and to make false representations and warranties with respect to them.

Tamko moved to dismiss each Plaintiff's claims (Docs. 37, 39, and 41), and on July 31, 2015, this Court granted in part and denied in part Tamko's motions (Doc. 100). Specifically, the Court denied Tamko's motion to dismiss Disher's strict liability, negligence, breach of express warranty, unjust enrichment, and Illinois Consumer Fraud Act claims; denied Tamko's motion to dismiss O'Malley's strict liability, negligence, fraudulent concealment and unjust enrichment claims; and denied Tamko's motion to dismiss Kline's strict liability, negligence, fraudulent concealment, Colorado Products Liability Act and breach of express warranty claims. Tamko also moved to compel arbitration of Plaintiff Kline's claims (Doc. 67), which the Court granted (Doc. 219).

In August 2015 and April 2016, Tamko filed motions for summary judgment on Plaintiffs' remaining claims (Docs. 102, 133, and 140). Plaintiffs moved for class certification in July 2016. On February 15, 2018, the Court entered orders granting Tamko's motion for summary judgment as to Disher in its entirety (Doc. 232) and granting in part Tamko's motion for summary judgment as to O'Malley's claims; leaving only his strict liability and negligence claims (Doc. 233). Plaintiffs' Motion for Class Certification remains pending. Tamko now moves this Court to deny that Motion as moot.

## **Discussion**

Decisions on dispositive motions may be made prior to addressing the certification issue in order to determine whether "the claim of the named plaintiffs lacks merit." *See Cowen v. Bank United of Texas, FSB,* 70 F.3d 937, 941 (7th Cir. 1995) ("The [defendant] elected to move

for summary judgment before the district judge decided whether to certify the suit as a class action. This is a recognized tactic." (citations omitted); *see also* Fed.R.Civ.P. 23(c)(1) advisory committee's notes to 2003 amendment ("The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified."). Significant to this case, a decision that the named plaintiff's claim lacks merit disqualifies them as a proper class representative. The effect is to moot the question whether to certify the suit as a class action. *See Cowen,* 70 F.3d at 941, citing *Hardy v. City Optical Inc.,* 39 F.3d 765, 770 (7th Cir. 1994); *Glidden v. Chromalloy American Corp.,* 808 F.2d 621, 626 (7th Cir. 1986). However, the granting of summary judgment in the defendant's favor on an individual plaintiff's claims before the putative class is certified does not have any preclusive effect on the future claims of anyone that might have been included in the putative class but-for plaintiff's shortcomings. *Cowen*, 70 F.3d at 941-42.

Here, there is currently no plaintiff with a "live claim" who can pursue this litigation. *See Premium Plus Partners, L.P. v. Goldman, Sachs & Co*., 648 F.3d 533, 538 (7th Cir. 2011) (it doesn't matter whether the would-be representative has litigated and lost, or litigated and won; both situations extinguish any live claim similar to the one held by the remaining members of the class. It takes a representative with a live claim to carry on with a class action). All claims on which Plaintiffs sought class certification have been dismissed, referred to arbitration or denied as a matter of law:

- Richard Disher sought class certification with respect to all of his claims under Illinois law, including breach of express warranty, strict liability and negligence, unjust enrichment and violation of the Illinois Consumer Fraud Act. Disher's claims were dismissed as a matter of law in their entirety with the granting of Tamko's motion for summary judgment.

- Eric Kline sought certification only with respect to his claims for breach of express warranty, strict liability and negligence. Kline's claims, however, are in arbitration. Thus, he cannot represent a proposed class at this time.

- John O'Malley sought to represent a proposed Kentucky class with respect to a claim for breach of express warranty. However, O'Malley's breach of express warranty claim was denied prior to Plaintiffs' motion for class certification.

Given that Disher, Kline, and O'Malley's class-action claims have been dismissed, they can no longer be class representatives. Thus, the question of class-certification is irrelevant at this juncture. *Collins v. Village of Palatine, Illinois*, 875 F.3d 839, 846 (7th Cir. 2017). Accordingly, Tamko's motion is **GRANTED**.

However, the Seventh Circuit instructs that if a named plaintiff falls short as a class representative, Counsel should be given an opportunity to designate a new named plaintiff who better "fits the bill." *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1080-81 (7th Cir. 2013); *Randall v. Rolls-Royce Corp.,* 637 F.3d 818, 827 (7th Cir. 2011); *Phillips v. Ford Motor Co.*, 435 F.3d 785, 786-87 (7th Cir. 2006). Therefore, this Court will briefly retain jurisdiction to entertain motions to intervene so that Class Counsel can substitute someone with a live claim. Counsel has until **June 18, 2018** to find a new class representative.

## Conclusion

Tamko's Motion for Order Denying Class Certification as Moot (Doc. 246) is **GRANTED**. Plaintiffs' Motion to Certify Class (Doc. 239) is **DENIED without prejudice** to Class Counsel naming a new proposed class representative by **June 18, 2018**. The pending motions to exclude and/or *Daubert* motions (Docs. 178 and 188) submitted in relation to the class certification briefing are **DENIED as MOOT** and **without prejudice**. Said motions may be renewed, if necessary, if a new class representative moves for class certification.

**IT IS SO ORDERED.**

**DATED: May 16, 2018**

                                        **s/ Staci M. Yandle**
                                        **STACI M. YANDLE**
                                        **United States District Judge**